**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-1143

———————

In re: 388 ROUTE 22 READINGTON HOLDINGS LLC,
                        Debtor

SB BUILDING ASSOCIATES LIMITED PARTNERSHIP,
                        Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-21-cv-01239)
District Judge: Honorable Freda L. Wolfson

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 28, 2023

Before: MATEY, FREEMAN, and FUENTES, *Circuit Judges*

(Opinion filed: June 29, 2023)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

SB Building Associates Limited Partnership, the sole equity owner of the debtor in this Chapter 7 proceeding, appeals an order of the District Court affirming the Bankruptcy Court's award of attorneys' fees to law firm Atkinson & DeBartolo for its work performed as attorney to the bankruptcy trustee, Bunce Atkinson. For the following reasons, we will affirm.

## I.

SB is the sole equity owner of 388 Route 22 Readington Holdings, LLC ("Debtor"), a single asset real estate corporation. The Debtor's property is located at 388 Route 22 in Whitehouse, New Jersey (the "Property"). On October 9, 2018, the Debtor filed for Chapter 11 bankruptcy, which thereby stayed an impending sheriff's sale of the Property scheduled by mortgagee and secured creditor Iron Mountain Management, LLC.

On November 19, 2018, the Bankruptcy Court ordered the Chapter 11 proceeding to be converted to a Chapter 7 proceeding. The Court also granted Iron Mountain's motion to vacate the automatic stay so it could proceed with the sheriff's sale, with two caveats: the sale could not occur before January 19, 2019, and the order was imposed without prejudice to provide the Chapter 7 trustee—once appointed—the opportunity to move to reimpose the stay. The following day, attorney Bunce Atkinson was appointed Trustee of the bankruptcy estate. Atkinson was, at the time, the principal named partner at the law firm Atkinson & DeBartolo, P.C. ("A&D"), which was retained as attorney for the Trustee beginning on November 28, 2018.

Shortly thereafter, A&D engaged in negotiations with Iron Mountain to enter a Consent Order reinstating the stay of the sheriff's sale. The negotiations were successful, and the Consent Order, entered on January 28, 2019, reinstated the automatic stay until September 30, 2019, thereby allowing Atkinson, in his capacity as Trustee, an opportunity to list and sell the Property. Atkinson was unsuccessful in this effort, and on December 27, 2019, the Property sold for $3.2 million at an auction.

After the auction, A&D reviewed Iron Mountain's Proof of Claim to assess the amount it was seeking to recover, as well as its billing statements to analyze the amount it was claiming in attorneys' fees. This was done in hopes of reaching an agreement on these costs to avoid further litigation—thereby retaining funds for the estate—but the negotiations ultimately failed.

The Bankruptcy Court approved the sale of the Property. SB then filed an emergency motion in the District Court seeking to stay the sale's closing, pending an appeal of the Bankruptcy Court's approval of the sale, and also filed a *lis pendens* with the County Clerk. But at that point, the sale had already closed, so A&D moved to dismiss the appeal as moot and to discharge the *lis pendens*. The District Court granted A&D's motion.

In addition to the above undertakings, A&D engaged in discussions with the Township of Readington related to a separate action concerning the Property. Many years earlier, the Debtor had sued the Township for its refusal to provide enough sewage capacity for the Debtor to construct a retail outlet and restaurant on the Property—a refusal that the Debtor contended sank the Property's value. *See 388 Route 22*

3

*Readington Realty Holdings, LLC v. Twp. of Readington*, 113 A.3d 744 (N.J. 2015). Although A&D did not represent the Debtor in that litigation, A&D approached the Township in December 2018 in an attempt to achieve a "global settlement" of the issues related to the sewer litigation so that the Property could be sold at a higher price. App. 15. The negotiations were unsuccessful.

A&D served as attorney to the Trustee from the date of its retention on November 28, 2018 through July 25, 2020, when it was replaced by another firm. It filed two attorneys' fees applications for its work completed on behalf of the Trustee during that time period. The First Fee Application sought $27,049 in fees and $254.82 in disbursements for a total of $27,303.82 for the period of November 21, 2018 through May 30, 2019. The Second Fee Application sought $56,900 in fees and $247.25 in disbursements for a total of $57,147.25 for the period of June 1, 2019 through April 21, 2020. SB objected to both Applications.[1]

The Bankruptcy Court heard argument related to fees on November 5, 2020. On January 11, 2021, it issued a memorandum opinion that addressed (among other fee requests) both A&D's First and Second Fee Applications and awarded fees in the reduced amounts of $21,755.82 and $43,165.30, respectively.

---

[1] A&D filed the First Application on an interim basis on June 10, 2019. No objections were filed at that time, and the Bankruptcy Court granted the requested fees in full, subject to later reevaluation pursuant to 11 U.S.C. §§ 330 and 331. SB filed its objections to this application after A&D's submission of the Second Application.

SB appealed to the District Court, arguing that "the services performed by [A&D] as described in its two Fee Applications do not support the amounts approved by the Bankruptcy Court," App. 9, and that the Bankruptcy Court neither adequately considered SB's objections nor provided a sufficient explanation justifying its downward adjustments.  A&D cross-appealed, asserting that the Bankruptcy Court erred in reducing the fee awards.  The District Court affirmed the Bankruptcy Court's decision, but it modified the award for A&D's Second Fee Application to correct arithmetic errors that it discovered upon reviewing the Bankruptcy Court's calculation of fees, resulting in upward adjustments of $5,502.85 in attorneys' fees and $91.10 in expenses.  SB now appeals.  A&D did not participate in this appeal.

## II.

The District Court had jurisdiction under 28 U.S.C. § 158(a).  We have jurisdiction under 28 U.S.C. § 158(d).

Our review is directed to the Bankruptcy Court's decision, which we review under the same standards the District Court applies "[s]ince we are in as good a position to review the bankruptcy court's decision as the district court was." *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 257 (3d Cir. 1995).  Thus, we exercise plenary review over legal conclusions, and we review factual findings for clear error. *Id.*  "Fee awards are reviewed for an abuse of discretion, which can occur if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *Id.* (internal quotation

marks and citation omitted). The fee applicant bears the burden of proving that it is entitled to fees and that the fees are reasonable. *Id.* at 261.

### III.

SB argues that A&D did not sustain its burden to prove its fees were reasonable and necessary under 11 U.S.C. § 330(a)(1) (allowing a bankruptcy court to award "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses"). It points to specific purported deficiencies in A&D's Fee Applications, including billing entries (1) for work that did not materially benefit the estate (including time spent reviewing Iron Mountain's fee application following the auction, and working to remove the *lis pendens* placed on the Property); (2) for tasks that were trustee services rather than legal services (for example, the sewer litigation settlement negotiations); (3) that lacked sufficient detail to evaluate the work that was performed; and (4) that were billed at an unreasonably high rate.

The District Court addressed each of the above arguments in detail and concluded that the Bankruptcy Court did not abuse its discretion in awarding A&D fees. We agree with the District Court's detailed analysis, and we do not endeavor to repeat it here. Below, we address two of SB's broader contentions: that the Bankruptcy Court's findings were insufficient, and that the Bankruptcy and District Courts failed to impose the appropriate burden on A&D to prove its entitlement to fees and instead erroneously placed the burden on SB to prove the claimed services were not beneficial or necessary to the estate.

6

A.

SB argues that because the Bankruptcy Court "provided no detailed explanation" of how it calculated the reductions in fees, its "decision is unreviewable and constitutes an abuse of discretion." Appellant's Br. 24. We disagree.

In addition to general objections, App. 78–81, SB submitted hundreds of line-by-line objections to A&D's billing entries to the Bankruptcy Court, App. 90–155. In its memorandum opinion, the Court noted that it "reviewed each entry and attempted to ascertain the nature of the objection to each entry, based on loosely grouped categories that are themes in the objection." App. 57. It then went on to rule on the objections and explain its reasoning.

It rejected some "whole categories" of objections outright. App. 57. For example, the Court explained that "[t]he objection that counsel for the trustee need not concern himself with litigation outside the bankruptcy court is likewise overruled. A lawyer in a case as complex and litigious as this one cannot be expected to provide services while wearing blin[d]ers." *Id*. It set forth the appropriate standard for assessing whether services should be considered necessary or beneficial to the estate. *Id.* (citing 11 U.S.C. § 330(a)(3)(C) for the proposition that services are reasonable, and thus compensable, based on "whether the services were . . . beneficial at the time at which the service was rendered"). It applied that standard to SB's argument regarding A&D's efforts related to the sewer litigation, and it explained why it found SB's position unavailing.

In addition, the Bankruptcy Court explained that "[s]ome other categories of [SB's] objection[s] are well taken." App. 58. It reasoned:

7

> There is a wide-ranging failure to include enough detail to enable the court to determine whether services were trustee services or were reasonably rendered. There are many, many examples of time entries billing .1 hours for "left message" or "review" of perfunctory documents. There are some entries, such as review of claims, that are clearly trustee functions. There is attorney time that should have been billed at a lower rate. These shortfalls require a reduction of $4,798. In addition, there is time billed at a full rate for travel, requiring a further reduction of $750. That leaves us with a total reduction of $5,548 off the previously awarded fee of $27,303.82.

App. 58–59.

Based on these explanations and findings, we cannot conclude that the Bankruptcy Court abused its discretion. SB seemingly seeks a line-by-line response to its line-by-line objections, but such a requirement does not find support in this Court's precedent. When reviewing for abuse of discretion, "we grant less deference to court decisions that are unaccompanied by reasoning," *In re Ross*, 858 F.3d 779, 786 (3d Cir. 2017), but adequate reasoning for a fee award need not be accompanied by a precise computational breakdown. Indeed, it is within a bankruptcy court's discretion to reduce fees by a percentage. *See In re Kern*, No. 20-18381-ABA, 2021 WL 3518806 (Bankr. D.N.J. Aug. 10, 2021) (collecting cases in which bankruptcy courts have used a percentage-deduction method to reduce fees).

Here, the Bankruptcy Court carefully reviewed the Fee Applications and SB's objections and explained its conclusions such that reviewing courts could understand and evaluate its rationale. Its reasoning was consistent with the factual record and legally sound. We thus conclude the Court did not abuse its discretion in awarding fees or imposing deductions.

**B.**

SB contends that the Bankruptcy and District Courts erroneously placed the burden on SB to prove A&D was *not* entitled to compensation for its services. We again disagree.

The fee applicant bears the burden in the first instance to prove his entitlement to fees, including showing that the requested fees are reasonable, *Zolfo Cooper*, 50 F.3d at 261, and the Bankruptcy Court properly held A&D to its burden, disallowing fee requests that were not adequately supported.

On appeal, the burden shifts to the appellant, who must demonstrate that the bankruptcy court abused its discretion. The District Court appropriately discussed SB's burden in this regard. *See, e.g.*, App. 18 ("SB fails to establish that the Bankruptcy Court abused its discretion. SB provides only bare assertions for its proposition that the A&D billing categories to which it objected were trustee work rather than attorney work. . . . That is insufficient on appeal."); App. 23 ("Regarding SB's vague claim that 'most' of the tasks performed did not require a senior person, it is wholly insufficient for this Court to find that the Bankruptcy Court's findings of fact on this subject were erroneous. . . . Based on [the Bankruptcy Court's] searching review, and SB's lack of specificity, I cannot find that the Bankruptcy Court abused its discretion.").

This Court's review yields the same result. SB has not shown that the Bankruptcy Court "fail[ed] to apply the proper legal standard or to follow proper procedures in making the determination, or base[d] [the] award upon findings of fact that are clearly

9

erroneous." *Zolfo Cooper*, 50 F.3d at 257. We therefore conclude that SB has failed to meet its burden on appeal.

## IV.

For the reasons discussed above, we will affirm the District Court's order affirming with modifications the Bankruptcy Court's award of fees to A&D.[2]

---

[2] We agree with the District Court's corrections to the fee awards. Our independent calculations produced the same result.